UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRUCE FALCONER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 05-42-B-W |
| ) | |
| PENN MARITIME, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER ON MOTIONS IN LIMINE

On July 30, 2000, Plaintiff Bruce Falconer, an assistant engineer aboard the M/V VALIANT, fell through an open hatch cover and was rendered paraplegic. He has filed suit for personal injuries against Penn Maritime, Inc., the owner of the VALIANT. On April 19, 2005, Plaintiff Bruce Falconer (Falconer) and Defendant Penn Maritime, Inc. (Penn) filed dueling motions in limine, seeking to exclude expert testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). This Court denies each motion.

**I.   *Daubert* Standards**

Under "well established Supreme Court case law, the trial judge serves as a 'gatekeeper' for expert evidence, with the responsibility of 'ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand….'" *Currier v. United Techs. Corp.,* 393 F.3d 246, 251 (1st Cir. 2004) (quoting *Daubert,* 509 U.S. at 597)). Rule 702 imposes three requirements: "(1) the expert must be qualified to testify by knowledge, skill, experience, training or education; (2) the testimony must concern scientific, technical or other specialized knowledge; and, (3) the testimony must be such as to assist the trier of fact to understand the

evidence or to determine a fact in issue." *Diefenbach v. Sheridan Transp.,* 229 F.3d 27, 30 (1st Cir. 2000) (quoting *United States v. Corey,* 207 F.3d 84, 88 (1st Cir. 2000)). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed. R. Evid. 702.

### II. Penn's Motion to Exclude Opinion Testimony of Lewis M. Flint, M.D.

Lewis M. Flint, M.D. is a general surgeon, who treated Mr. Falconer following his accident.[1] Penn's contention is that Dr. Flint "lacks the requisite expertise to express an opinion on the issue of plaintiff's alleged memory loss." *Def's Daubert Mot. to Exclude Opinion Testimony of Lewis Flint, M.D. and Jack T. Madeley* at 5 (Docket # 11). Mr. Falconer has limited the scope of Dr. Flint's proposed testimony to: (1) the opinion that it is not unusual for head injured patients, like Mr. Falconer, to be unable to remember events surrounding an accident; and, (2) who will or will not regain memory is unpredictable. *Pl.'s Opp. to Def.'s Daubert Mot. to Exclude* at 5-6 (Docket # 18).

Contrary to Penn's characterizations, Dr. Flint is well qualified to express expert opinions on these issues. Dr. Flint was Mr. Falconer's treating physician at Tampa General Hospital during the first six weeks of his recovery. 1/2/05 *Flint Deposition* (Ex. A) at 11. A graduate of Duke Medical School and board certified surgeon, Dr. Flint specializes in trauma. *Id.* at 4-6. Following his surgical residency, he served in Vietnam. *Id.* at 5. He is fellowship trained in trauma and has practiced for 27 years as a trauma specialist. *Id.* at 5, 49. He has taught at a number of academic medical centers and has acted as Chair of the Surgical Department at the

---

[1] Penn spends a fair amount of time discussing what it seems to contend are discovery issues regarding the proper disclosure of Dr. Flint's expert testimony. But, its Motion raises a *Daubert* issue, not a discovery violation. This Court has ignored those portions of Penn's memorandum addressing issues not presented in its Motion.

State University of New York at Buffalo and Tulane University. *Id.* at 5. He testified that he is "very familiar with brain injury literature," 2/15/05 *Flint Deposition* (Ex. B) at 92, and he has treated "hundreds of patients with head injuries similar to Mr. Falconer." 1/2/05 *Flint Deposition* (Ex. A) at 49. Any objection to Dr. Flint's proposed testimony goes to its weight, not its admissibility.[2]

### III.    Penn's Motion to Exclude the Testimony of Jack T. Madeley

On April 11, 2003, Jack Madeley, an engineer and safety professional, issued a report, reflecting his expert opinions regarding the engineering and safety of the hatch and opening of Penn's vessel, the M/V VALIANT. Mr. Madeley opines that the temporary safety rail system protecting the hatch should have been designed so that safety rails could have been installed before the hatch cover was removed. *Madeley Report* at 9-11 (Ex. C). Penn objected to Mr. Madeley's expert opinions, because it claims they will not assist the trier of fact to understand the evidence or determine a fact in issue and because it claims they are not based on sufficient facts and information. *Def.'s Daubert Mot. to Exclude* at 1-2.

Penn's first objection is easily resolved. The standard under Rule 702 is whether the expert's "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." *Fed. R. Evid.* 702. One question is whether the proffered evidence is "within the typical juror's common knowledge." *United States v. Lopez-Lopez,* 282 F.3d 1, 14-15 (1st Cir. 2002), *cert. denied* 536 U.S. 949 (2002); 4 J.M. McLaughlin, et al., *Weinstein's Federal Evidence* § 702.03(1) ("As it was under common law, expert testimony is admissible under Rule 702 if it concerns matters beyond the understanding of the average person."). The

---

[2] The transcript of Dr. Flint's deposition reflects uncommonly aggressive and unprofessional behavior of both counsel. See 1/2/05 *Flint Deposition* (Ex. A) at 49-52. Counsel consistently interrupted each other, hurled personal insults, and generally acted as if they were in a schoolyard tiff, not a medical deposition. This type of conduct is inconsistent with the level of professionalism this Court expects and will enforce at trial. Forewarned is forearmed.

engineering and safety features of railings around hatch covers would not appear to be within the "typical juror's common knowledge."

Penn further objects because Mr. Madeley allegedly failed to state why his proposed design would be safer. This is simply incorrect. Mr. Madeley's report criticizes Penn for a failure to design and install guardrails that would protect the floor opening while the hatch cover was being removed and Mr. Madeley proposes a solution, which would have allowed rails to have been installed before the hatch cover was removed. *Madeley Report* at 8-12 (Ex. C). Penn's objections are not well taken.

Penn's third objection is that Mr. Madeley's opinion is not "predicated on facts legally sufficient to provide a basis for (his) opinion." *Damon v. Sun Co.,* 87 F.3d 1467, 1474 (1st Cir. 1996)(quoting *In re Salvatore,* 46 Bankr. 247, 253 (D.R.I. 1984). In other words, an expert may not give an opinion "based on conjecture or speculation from an insufficient evidentiary foundation." *Damon,* 87 F.3d at 1474 (quoting *Van Brode Group, Inc. v. Bowditch & Dewey,* 633 N.E.2d 424, 430 (Mass. App. Ct. 1984). Penn contends Mr. Madeley's report is "preliminary and not final" and based on insufficient data. However, Penn failed to attach a copy of Appendix B of Mr. Madeley's report, which sets forth in detail the facts and information he reviewed before arriving at his expert opinion. A review of Appendix B makes it evident that Ms. Madeley relied upon facts and data "legally sufficient to provide a basis for his opinion." *Damon,* 87 F.3d at 1474.

**IV.    Falconer Motion to Exclude the Testimony of James Pascuiti**

Mr. Falconer has moved to exclude the testimony of James Pascuiti, a vocational-rehabilitation expert. Mr. Pascuiti holds a masters degree in rehabilitation counseling and has been employed in employment and rehabilitation consulting for over twenty years. *Pl.'s Mot. to*

*Exclude the Testimony of James Pascuiti* at Ex. E (Docket # 12).  On August 21, 2003, Mr. Pascuiti issued a Vocational Evaluation and Labor Analysis.  *Id.* at Ex. C.  Mr. Falconer seeks to exclude Mr. Pascuiti's testimony, because he contends Mr. Pascuiti failed to provide an adequate foundation for his opinions that Mr. Falconer can work and there would be jobs within his physical capacity in Waterville, Maine, where Mr. Falconer lives.  *Pl's Motion to Exclude* at 1.  Specifically, according to Mr. Falconer, Mr. Pascuiti never examined data specific to Maine and used boilerplate language in his report not tailored to Mr. Falconer.  *Id.*

Penn points out that Mr. Pascuiti is a recognized expert in the field of vocational rehabilitation.  *Def's Response* at 2. (Docket # 19).  He reviewed and relied upon medical reports generated by Mr. Falconer's treating physicians and he conducted an extensive interview of Mr. Falconer and his wife during which they described his physical limitations, educational and employment history, and social history.  *Id.* at 6-7.  He also administered a Wide Range Achievement Test Revision 3 (WRAT3).  *Id.* at 7.

Mr. Falconer's objections to Mr. Pascuiti's methodology and foundation are not sufficient to exclude his expert testimony.  Although Mr. Falconer lives in Waterville, Maine, the jobs identified in the report referenced, in part, such national resources as the Dictionary of Occupational Titles.  Mr. Falconer is free to cross-examine Mr. Pascuiti on the scope of his report and its limitations and one of those limitations may be its failure to contain Maine-specific data; however, this omission does not render the report unhelpful to the trier of fact.[3]  *See*

---

[3] Penn cites *Gangelhoff v. Apfel,*,No. 99-4050, 2000 WL 34032675 (N.D. Iowa Aug. 29, 2000).  Penn states that although Mr. Falconer complained about Mr. Pascuiti's lack of familiarity with the Maine job market, *Gangelhoff* rejected a "similar objection."  *Gangelhoff,* however, is scant, if any, authority.  It addressed a social security appeal and stressed that *Daubert* and Rule 702 do not apply to the use of vocational expert testimony in a Social Security administrative hearing.  Furthermore, the legal test in *Gangelhoff* was whether the claimant could perform work in the national economy.

generally *Messner v. Transocean Offshore USA, Inc.,* No. Civ.A. 03-3287, 2005 WL 283294 (E.D. La. Feb. 3, 2005).

### V. Falconer Motion to Exclude the Testimony of Samuel Rapoport, M.D.

Mr. Falconer has also moved to exclude the testimony of Samuel Rapoport, M.D., a neurologist. Penn listed Dr. Rapoport as an expert witness on the question of whether the trauma Mr. Falconer sustained caused his persistent retrograde amnesia and whether his alleged inability to remember is indicative of malingering. Mr. Falconer's main contention is that Dr. Rapoport could not identify any journal or scientific article that supported his expert opinion and instead was relying on "a concatenation of things I learned over the years…." *Pl.'s Daubert Mot. to Exclude Expert Testimony of Samuel Rapoport, M.D.* at 2-3 (Docket # 13) (quoting *Deposition of Dr. Rapoport* at 83). As posed, Mr. Falconer's objection to Dr. Rapoport's testimony raised significant questions of admissibility; however, upon response, Dr. Rapoport submitted an essay on traumatic amnesia that filled the scientific void in his deposition. *See Response to Mot. to Exclude Expert Testimony of Dr. Samuel Rapoport* at Ex. H (Docket # 16). This essay establishes a sufficient scientific basis for his expert opinions. Mr. Falconer's strenuous objections to the accuracy and reliability of Dr. Rapoport's opinions may be fodder for cross-examination, but are not a sufficient basis to exclude his proposed testimony.

### VI. Conclusion

The motion in limine filed by the Defendant Penn Maritime, Inc. and the two motions in limine filed by the Plaintiff Bruce Falconer are DENIED.

**SO ORDERED.**

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2005

6