UNITED STATES DISTRICT COURT
for the
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRUCE FALCONER, | ) | Civil Action |
| | ) | No. 05-CV-42 |
|       Plaintiff | ) | |
| -against- | ) | |
| | ) | |
| PENN MARITIME, INC. | ) | |
| | ) | |
| | ) | |
|       Defendant | ) | |
| | ) | |

**PLAINTIFF'S MOTION IN LIMINE REGARDING PLAINTIFF'S RECIEPT OF SOCIAL SECURITY AND MEDICARE BENEFITS**

Now comes the Plaintiff in the above entitled matter and by and through his attorneys submits Plaintiff's Motion in Limine Regarding Plaintiff's Receipt of Social Security and Medicare Benefits. As grounds, Plaintiff states the following:

**I.    FACTS**

As a result of Plaintiff's accident on July 30, 2000 and his resulting paraplegia, the Plaintiff has been receiving Social Security Disability benefits since approximately February 2001 and Medicare benefits since approximately January 2003.

Defendant has indicated in previous filings with the Southern District of New York that Defendant intends to introduce evidence at trial of Plaintiff's receipt of Social Security Disability and Medicare benefits on grounds of "plaintiff's claim of inability to return to work" and Plaintiff's claims "for future lost wages and/or medical expenses." Plaintiff moves to bar the evidence from being introduced since it is a collateral source.

**II.     ISSUE**

Whether Plaintiff's receipts of Social Security Disability and Medicare benefits is barred from being introduced into evidence as a collateral source?

**III.    LAW**

In a Jones Act or F.E.L.A. cases evidence of collateral source benefits, such as Social Security Disability and Medicare benefits are strictly inadmissible. <u>Tipton v. Socony Mobil Company, Inc.</u> 84 S.Ct. 1, 375 U.S. 34 (1963); <u>Eichel v. New York Cent. R.Co.</u>, 84 S.Ct. 316, 317, 375 U.S. 253 (1963); <u>Brown v. United States</u>, 615 F.Supp 391 (D.C.Mass. 1985). The United States Supreme Court has held that the jury may not be made aware of any collateral source benefits because such "the likelihood of misuse by the jury clearly outweighs the value of the evidence." <u>Eichel</u>, 375 U.S. at 255, 84 S.Ct. at 317: Fed R. Evid. 403.  The admission of the Social Security Disability benefits has unequivocally been held to constitute reversible error.  <u>Tipton</u>, 375 U.S. at 37, 84 S.Ct. at 3; <u>Eichel</u>, <u>supra</u>.

In <u>Eichel,</u> the Court held the receipt of collateral source benefits on the grounds of malingering was not admissible since it "involves a substantial likelihood of prejudicial impact." <u>Eichel</u>, 375 U.S. at 255, 84 S.Ct. at 317: Fed R. Evid. 403.   Similar to <u>Eichel</u>, admission of Plaintiff's receipt of Social Security disability  and Medicare benefits would have an unduly prejudicial impact to the Plaintiff on the issue of liability and damages.  Arguably, Defendant can prove his claim of Plaintiff's alleged malingering and Plaintiff's alleged ability to return to work from testimony from witnesses, experts and introduction of documents which is not as prejudicial and subject to misuse by the jury as Social Security and Medicare benefits.

Plaintiff's receipt of Social Security benefits and Medicare benefits is not relevant as to the issue of Defendant's payment of medical bills under the issue of cure.  Plaintiff never pled in

2

his complaint any claim against the Defendant for maintenance and cure and/or the failure to pay maintenance and cure.  The issue of how much was paid under cure, when cure stopped and when Medicaid picked up is irrelevant to the case since cure is not an issue.  Thus, Plaintiff's receipt of Social Security and Medicare benefits should be excluded.

Due to Plaintiff's receipt of Medicare benefits, Medicare has a lien and Plaintiff must reimburse Medicare out of any monies it receives.  If Defendant is allowed to introduce evidence of Medicare benefits, then there is a double set off.  Once by the jury when evidence is introduced that Plaintiff receives Medicare benefits and then again when Plaintiff has to pay off Medicare liens.

Admission of Plaintiff's receipt of social security benefits and Medicare creates a strong potential for misuse of the evidence by the jury.  Due to the fact that the prejudicial impact far outweighs the probative value and based on the Supreme Court case of  Tipton and Eichel, the evidence of Social Security and Medicare benefits should be excluded.

WHEREFORE, the Plaintiff respectfully requests that this Court enter an Order prohibiting the Defendant from mentioning before the jury or introducing into evidence, either directly or indirectly, the fact that the Plaintiff has, is or will receive Social Security benefits and Medicare benefits on account of his injuries.  Plaintiff further requests that the Court Order that if counsel for the Defendant believes that introduction of Social Security or Medicare benefits is admissible that Counsel discuss the matter with the Court at side bar before mentioning the subject or attempting to offer the evidence.

                                         Respectfully submitted on behalf
                                         of the Plaintiff, Bruce Falconer,
                                         by his attorney,

                                         <u>Carolyn M. Latti</u>
                                         /s/ Carolyn M. Latti
                                         Bar No.8074
                                         David  F. Anderson
                                         Bar Bo. 7744
                                         Latti & Anderson LLP
                                         30-31 Union Wharf
                                         Boston, MA 02109
                                         (617) 523-1000

Dated: July 8, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that on August 15, 2005, I electronically filed Plaintiff's Motion in Limine Regarding Plaintiff's Receipt of Social Security and Medicare Benefits with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to the following:

Mr. Joseph Stearns
Ms. Noreen Arralde
Kenny, Stearns & Zonghetti
26 Broadway
New York, NY 10004-1882

Mr. David King, Esq.
Rudman & Winchell, LLC
84 Harlow Street
P.O. Box 1401
Bangor, ME 04402


      Respectfully submitted for the
      the Plaintiff,


      /s/Carolyn M. Latti
      Carolyn M. Latti
      Latti & Anderson LLP
      30-31 Union Wharf
      Boston, MA 02109
      617-523-1000
      clatti@lattianderson.com