UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRUCE FALCONER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-42-B-W |
| | ) |
| PENN MARITIME, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER ON PLAINTIFF'S MOTION IN LIMINE

Mr. Falconer again moves to exclude James Pascuiti's testimony, this time on the basis of an alleged discovery violation. *Pl.'s Mot. in Limine to Exclude Mr. James Pascuiti for Failure to Produce Documents* (Docket # 37)(*Pl.'s Mot. in Limine*). Mr. Pascuiti is a vocational-rehabilitation expert and on April 19, 2005, Mr. Falconer moved to exclude his testimony on the ground that he failed to provide an adequate foundation for his expert opinions. *Pl.'s Mot. to Exclude the Testimony of James Pascuiti Pursuant to Daubert* (Docket # 12)(*Pl.'s Daubert Mot.*). Mr. Falconer objected because Mr. Pascuiti failed to examine data specific to the state of Maine in forming his view that Mr. Falconer is capable of working and that there are jobs in the Waterville, Maine region he could perform. *Id.* at 4. On August 2, 2005, this Court denied the motion, concluding that Mr. Falconer's objections to Mr. Pascuiti's methodology and foundation were not sufficient to exclude his expert testimony. *Order Denying Pl.'s Mot. to Exclude* at 5 (Docket # 31).

Having failed to exclude Mr. Pascuiti's testimony because what he relied on to form his opinion was inadequate, Mr. Falconer now seeks to exclude his testimony on the ground that he failed to produce what he relied upon[1,2] *Pl.'s Mot. in Limine*. Mr. Falconer's motion is a discovery motion in the guise of a motion in limine. If Mr. Pascuiti failed to produce discoverable documents, this should have been brought to the Court's attention long ago, when the case was still in its discovery stage, not on the eve of trial. Mr. Pascuiti issued his expert report on August 21, 2003, *Pl.'s Daubert Mot.* at Ex. C, and Mr. Falconer deposed him for over seven hours on February 18, 2004. *Def.'s Resp. to Pl.'s Mot. in Limine* at 1 (Docket # 47)

During this lengthy deposition, Mr. Falconer established that Mr. Pascuiti patched portions of other documents into his Falconer report. *See Pascuiti Dep.* at 198-200. He asked him to produce the original documents relating to the "association and advocacy groups" portion of the report. *Id.* at 199-200. Mr. Pascuiti responded: "I would have to look and see what I have right now." *Id.* at 200. Attorney Anderson asked him to do so right then. *Id.* ("I would ask that you produce them to the extent you used them in Mr. Falconer's case. We can take a break and get them."). Mr. Pascuiti refused to do so then. *Id.* ("I'll produce them, but I'm not going to look through my office right now and briefcase here and briefcase at home, but I'll be happy to give it to you. I'll be happy to

---

[1] This argument begs the question of how Mr. Falconer knew the material Mr. Pascuiti relied upon was inadequate, if he had never received the material. As this Court later concludes, the answer is that Mr. Falconer already knows what Mr. Pascuiti used as boilerplate, which then begs the question of why he is bringing this motion. Mr. Falconer's earlier motion sought to exclude Mr. Pascuiti's testimony in part because he used boilerplate language and a pre-written text not tailored to Mr. Falconer. *Pl.'s Daubert Mot.* at 1, 8-9. He now argues Mr. Pascuiti's testimony should be excluded because he failed to <u>provide</u> him with this boilerplate and pre-written material.

[2] Mr. Falconer actually complains that if Penn Maritime had timely provided the material, he would have been successful in his *Daubert* motion. *Pl.'s Mot. in Limine* at 3. ("By refusing to produce the pre-written boilerplate text, Plaintiff has been prejudiced in its Daubert Motion…."). The time to present this argument was <u>before</u> filing the *Daubert* motion, not having lost the motion, grousing that, if he had discoverable material, he would have won.

give you anything you want, but I'm not going to ruffle though pages in my office at the present time."). Attorney Anderson went on and asked him to produce the original documents relating to "the text under public agencies", *id.* at 200, and "counseling services". *Id.* at 201. Mr. Pascuiti responded that he "could probably produce those and other information that was deleted." *Id.* at 200-01.

Nearly one year went by and on January 24, 2005 by Order of Judge Wood, the discovery period lapsed. *Order* at 2 (N.Y. Docket # 53). On April 13, 2005, well over a year after the Pascuiti deposition, Mr. Anderson wrote Penn Maritime counsel and requested the Pascuiti documents; Ms. Arralde responded on April 28, 2005, stating that she was not sure that Plaintiff's counsel had correctly described what Mr. Pascuiti had promised to produce,[3] but she would write to him, asking him to comply and when they heard from him, she would let them know. *Pl.'s Mot. in Limine* at Ex. C, D. In the meantime, Mr. Falconer filed the *Daubert* motion and in footnote 3, mentioned he had requested the "boilerplate, pre-written material", but had not received it. *Pl.'s Daubert Mot.* at 3 n.3.

Mr. Falconer waited until August 15, 2005 to file a motion on the subject.[4] Mr. Falconer elected to wait until after the case had undergone a Final Pretrial Conference and was nearing trial before formally bringing this discovery issue to the Court's attention. This Court will not encourage such dilatory tactics by issuing eve of trial discovery orders on matters that should have been resolved long ago. During the course

---

[3] This Court agrees with Ms. Arralde on this point. Although Mr. Pascuiti's statements can be interpreted as a promise to produce, they can also be interpreted as a promise to search. Mr. Pascuiti said he could "probably produce those"; he did not promise to do so. There is no evidence he did not do what he said he would.

[4] Mr. Falconer preserved the issue at the Final Pretrial Conference on August 10, 2005, but this still does not explain why the motion was not brought earlier. *Report of Final Pretrial Conference and Order* at 4 (Docket # 34).

of a deposition, it is not uncommon for counsel to ask for documents and for the deponent to agree either to produce them later or to search for them. It is also not uncommon that counsel's need for documents is eclipsed by subsequent developments, including the receipt of additional discovery from other sources, changes in strategy, refinement of issues, a realization that the documents were not as essential as they appeared in the midst of a deposition, and a host of other possibilities. If a party wishes to press such a request, it has some obligation to do so on a timely basis and, if necessary, to bring the matter to the Court's attention, so that it can be effectively addressed.

Moreover, this Court is not convinced the requested documents make a whit of difference. Mr. Falconer has known since February 18, 2004 what Mr. Pascuiti cut and pasted. During his deposition, Mr. Anderson pointed to specific areas in the report and asked whether they had been pasted in. Mr. Pascuiti freely admitted it. Therefore, Mr. Falconer knows that Mr. Pascuiti cut and pasted, knows what he chose to include, and the only thing he does not know is what he chose to exclude. Knowing that an expert cut and pasted portions of his report and knowing which portions were cut and pasted, the failure to have the entire original article is of some relevance, but it is tangential.[5]

This Court DENIES Plaintiff's Motion in Limine to Exclude Mr. James Pascuiti for Failure to Produce Documents Pursuant to a Subpoena and Agreement to Produce (Docket # 37).

---

[5] This is what Judge Ellis said at the conference on January 21, 2004 in New York. He characterized these issues as "collateral", noting that Mr. Falconer was "free to ask the expert those issues, how he prepares his reports", but the "mere fact that there may be some cutting and pasting" would not lead to the conclusion "there's no independent analysis." *Transcript* at 27 (Docket # 15 - Ex. 9). If the motion for the original source had been made in a timely basis, this Court may have granted it on the theory that the excluded portion could provide fruitful avenues for cross-examination. However, at best the original article would have been cumulative, once the expert made the more significant admission that his report contained wholesale insertions. At this late stage and in view of the relative insignificance of the requested discovery, this Court declines to order its production, since the time for discovery orders has long since passed.

**SO ORDERED.**

                                        /s/ John A. Woodcock, Jr.  
                                        JOHN A. WOODCOCK, JR.  
                                        UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2005