UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRUCE FALCONER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil No. 05-42-B-W |
| | ) |
| PENN MARITIME, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION IN LIMINE

Plaintiff moves in limine to prevent Penn Maritime from calling as witnesses three employees, not identified during discovery. Plaintiff also moves to limit evidence of monetary advances made by Defendant or to bar a setoff. Finally, Plaintiff seeks an Order precluding Defendant from presenting expert testimony from Dr. Rapoport. This Court grants Plaintiff's motion in limine regarding Penn Maritime's three employees; it grants in part and denies in part the motion regarding monetary advances; and, it denies Plaintiff's motion concerning Dr. Rapoport.

**I. Discussion**

    **a. Preclusion of Certain Employees from Testifying**

        **1. The Motion**

Bruce Falconer has requested that the Court preclude Penn Maritime from calling three employees – Louis Hoffman, Randy Whinery, and Bill Oppenheimer – as witnesses at trial, on the grounds that none of these employees was identified during discovery as a potential witness and allowing them to testify would be prejudicial. *Pl.'s Mot. in Limine to Preclude Def. from Calling Its Employees, Bill Oppenheimer, Louis Hoffman and*

*Randy Whinery as Witnesses at Trial* (Docket # 39). Louis Hoffman was the Chief Engineer on the Penn Maritime's tug VALIANT at the time of Mr. Falconer's accident, but was not aboard. Randy Whinery was Chief Engineer on VICTORY, a sister tug, and Bill Oppenheimer is Penn Maritime's maintenance manager. Penn Maritime's response addresses each employee in turn. *Def.'s Resp. in Opp'n re Pl.'s Mot. in Limine to Preclude the Def. from Calling its Employees* (Docket # 50).

### 2. The Discovery

Rule 26(a)(1)(A) requires the parties to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defense, unless solely for impeachment, identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1)(A). On January 30, 2003, Penn Maritime supplied Rule 26(a)(1)(A) witness information. Mr. Hoffman, Mr. Whinery, and Mr. Oppenheimer's names are not listed and Penn Maritime never supplemented this disclosure.

Mr. Falconer's Interrogatory # 10, served on February 28, 2003, asked Penn Maritime:

> Identify all officers and members of the crew of the M/V VALIANT for one year prior to the alleged incident to one year after the alleged incident; officers and members of the crew of the M/V VALIANT at the time of the alleged incident; each person who was a witness to the events immediately preceding, during, and / or immediately after the alleged incident; all persons, with knowledge or information relevant to the subject matter of this action and all experts.

*Def.'s Resp. to Pl.'s Interrogatories* at 5 (Docket # 50 – Ex. 1). In response, Penn Maritime answered:

> Object to on the grounds that request is outside scope permitted for interrogatories pursuant to Local Rule 33.3 and is otherwise too overbroad (sic) and to the extent calling for information protected as relating to subsequent remedial measures, self-critical analysis and settlement negotiations. Subject to and without waiving said objections, see Defendant's Response to Plaintiff's Request for Production of Documents numbers 7, 56, and 60.

*Id.*

### A.  Louis Hoffman

Penn Maritime supplied Document 7, the VALIANT Engine Room and Bridge Log from June 30 to August 31, 2000 and notes that Mr. Hoffman's name is contained in the log, which it contends is sufficient to constitute identification within Rule 26. *Def.'s Resp. to Pl. Interrogatories* at 5; *Def.'s Resp. in Opp'n re Pl.'s Mot. in Limine to Preclude the Def. from Calling its Employees* at 2; *Excerpts from Valiant Engine Room Log* (Docket # 50 – Ex. 2). On September 13, 2004, Mr. Falconer and Penn Maritime filed a Joint Pre-Trial Order in New York, listing witnesses. Mr. Hoffman was not listed by Defendant. The first time Penn Maritime listed Mr. Hoffman as a potential witness was in March, 2005, when the parties filed a second Pre-Trial Order. Penn Maritime again identified Louis Hoffman as a potential witness on August 2, 2005, when his name was included in its Final Pre-Trial Memorandum. *Pl.'s Mot. in Limine to Preclude Def. from Calling Its Employees* at 2; *Def.'s Pre-Trial Memorandum* at 6 (Docket # 30).

### B.  Randy Whinery

Penn Maritime acknowledges that Mr. Whinery's name was not included in its response to Interrogatory # 10.  It notes that in response to Interrogatory # 1, which asked Penn Maritime to identify "all log entries, reports, Corrective Activity reports, Coast Guard reports, accident reports, injury reports, incident reports, captain's reports, reports of crew members, memorandum, e-mails, materials safety data sheets, investigative reports, or any other communications, writing or report concerning the alleged incident", Penn Maritime responded by referring to a log entry of July 27, 1998, which contained Mr. Whinery's name.  *Def.'s Resp. to Pl.'s Interrogatories* at 1; *Log for Valiant 7/27/1998* (Docket # 50 – Ex. 3).  The first time Penn Maritime identified Mr. Whinery as a potential witness was on August 2, 2005 in its Final Pre-Trial Memorandum.  *Def.'s Pre-Trial Memorandum* at 6.

### C.  Bill Oppenheimer

In its response, Penn Maritime represents it does not intend to call Mr. Oppenheimer during its case in chief and will call him only in rebuttal.  *Def.'s Resp. in Opp'n re Pl.'s Mot. in Limine to Preclude the Def. from Calling its Employees* at 3.

### 3. Discussion

Penn Maritime failed to comply with basic requirements of discovery and disclosure.[1]  It failed to identify any of these witnesses in its initial Rule 26(a)(1)(A) disclosure or to supplement that disclosure.  It was not until March 2005 for Mr. Hoffman and August 2, 2005 for Mr. Whinery that Penn Maritime identified either individual as a

---

[1] Penn Maritime seeks to bring Messrs. Hoffman and Whinery through the back door, by noting that, unlike its listing of names, Mr. Falconer was careful to list both Mr. Hoffman and Mr. Whinery as potential witnesses in its September 13, 2004 filing in New York.  Penn Maritime inexplicably contends that because Mr. Falconer listed them, this entitled Penn Maritime to ignore its discovery obligations.  To the contrary, because Mr. Falconer listed them as witnesses, he is entitled to call them.  Because Penn Maritime violated the rules of discovery, it is not.

potential witness in any court filings. It raised frivolous objections to Mr. Falconer's Interrogatory # 10 and failed to properly respond to the Interrogatory itself. Mr. Falconer is not required to search through Penn Maritime documents and guess what the answers to the interrogatory would have been if the answers had been made. As a consequence of Penn Maritime's repeated violations of both the letter and spirit of the rules of discovery, Mr. Falconer's motion to preclude Penn Maritime from calling Louis Hoffman and Randy Whinery from testifying in its case in chief is GRANTED. As a consequence of these same violations and based on Penn Maritime's representation that it does not intend to call Bill Oppenheimer as a witness during its case in chief, this Court GRANTS Bruce Falconer's motion to preclude Penn Maritime from calling Bill Oppenheimer as a witness during its case in chief.

### b.  Defendant's Advancement of Monies

Bruce Falconer moves in limine regarding evidence of Penn Maritime's payment of construction costs and his wages "in advance of settlement". Mr. Falconer seeks to avoid a double deduction either by limiting introduction of evidences of the advances or by barring a set off. *Pl.'s Mot. in Limine Regarding Def.'s Advancement of Monies* at 2 (Docket # 40). In addition, he argues that Penn Maritime failed to specifically plead "set off" as an affirmative defense and has therefore waived any right to a set off. *Id.* at 3.

This Court agrees with Penn Maritime that the claim of wavier is without merit. *Def.'s Resp. to Pl.'s Mot. to Exclude Proof of Payments Made as Advances* at 1, 3 (Docket # 48). Although, "set off" was not specifically pled, *Black's Law Dictionary* (7th Ed.) defines a setoff as a "counterdemand…arising out of a transaction <u>independent</u> of the plaintiff's claim". *Id.* (emphasis added). This is surely not an independent claim.

5

Furthermore, Defendant affirmatively pled "payment", which is recognized by Fed. R. Civ. P. 8(c) as a proper affirmative defense.  *Answer* at ¶43 (N.Y. Docket # 6)("…defendant Penn Maritime, Inc. voluntarily, without admission of liability, advanced payments to Plaintiff of part of his claimed damages").  *See also Def.'s Answer to Pl.'s Second Set of Interrogs.,* # 19 at 4-5 (Docket # 40 – Ex. A)("Defendants [sic] basis of affirmative defense of payment is based upon records and receipts copies of which plaintiff was given or which have been supplied to plaintiff's attorneys"); *Pl.'s Mot. in Limine Regarding Def.'s Advancement of Monies* at 2.

The double deduction claim is based on Mr. Falconer's concern that Penn Maritime will introduce evidence at trial of the advance payments for the house, van and wages, that the jury will reduce the damage award to reflect Penn Maritime's advance payments, and then Penn Maritime will move for a set off at the end of the trial.  *Pl.'s Mot. in Limine Regarding Def.'s Advancement of Monies* at 2.  Mr. Falconer urges the court to issue an Order allowing the evidence at trial, but denying any court-ordered set off from a jury award.  *Id.* at 4.  Penn Maritime agrees.  *Def.'s Resp. to Pl.'s Mot. in Limine Regarding Def.'s Advancement of Monies* at 1-2.

Plaintiff's motion in limine regarding Defendant's advancement of monies is therefore GRANTED:  Penn Maritime will be allowed to present evidence as to the amount of its advances and there will be no set off from any jury award.  The motion is otherwise DENIED.

### c.  Preclusion of Expert Testimony on the Issue of Memory

This is Mr. Falconer's second attempt to preclude Dr. Rapoport's expert testimony.  On August 2, 2005, this Court denied his *Daubert* motion to exclude the

doctor's testimony. *Order* at 6 (Docket # 31). Undeterred, Mr. Falconer now seeks to exclude Dr. Rapoport's testimony due to an alleged discovery violation. Mr. Falconer asserts that Penn Maritime failed to disclose Dr. Rapoport's expert opinions regarding Mr. Falconer's memory. *Pl.'s Mot. in Limine to Preclude the Def. from Offering Any Expert Testimony from Dr. Rapoport on the Issue of Memory* at 1 (Docket # 41).

Although Mr. Falconer has attempted to frame the issue differently, it is not new. This Court denied his *Daubert* motion, noting that "upon response, Dr. Rapoport submitted an essay on traumatic amnesia that filled the scientific void in his deposition….this essay establishes a sufficient scientific basis for his expert opinions. Mr. Falconer's strenuous objections to the accuracy and reliability of Dr. Rapoport's opinions may be fodder for cross-examination, but are not a sufficient basis to exclude his proposed testimony". *Order* at 6.

Now, Mr. Falconer argues that "following receipt of Dr. Rapoport's original report and having taken his deposition, the Plaintiff felt confident that [Dr. Rapoport's] opinions on the issue of Plaintiff's memory would be excluded by the Court pursuant to F.R.E. 702 as scientifically unreliable. Further, in light of the complete lack of medical or scientific support for Dr. Rapoport's opinions, and in reliance on the full disclosure requirements of F.R.Civ.P. 26, Plaintiff choose [sic] not to disclose or call at trial an expert neurologist". *Pl.'s Mot in Limine to Preclude the Def. from Offering Expert Testimony* at 4. Plaintiff asserts he has been substantially prejudiced by Defendant's failure to provide an adequate report under Fed. R. Civ. P. 26(a)(2)(B). *Id.* at 6.

This Court agrees with Penn Maritime that Mr. Falconer's decision not to call an expert neurologist "is a strategic decision made by plaintiff's counsel, which is indeed no

7

basis for asking the Court to exclude the opinion testimony of Penn's expert". *Def.'s Resp. to Mot. re Pl.'s Mot. in Limine to Preclude the Def. from Offering Any Expert Testimony from Dr. Rapoport on the Issue of Memory* at 1-2 (Docket # 56).  Apparently, Mr. Falconer was so confident he would prevail on his *Daubert* motion that he failed to anticipate even the possibility he would not.  This is hardly grounds for judicial relief.

Whether Dr. Rapoport's testimony should be excluded because of a discovery violation is a different story.  A trial court has discretion to exclude supplements to disclosure when material is not timely produced.  *Wilson v. Bradlees of New England, Inc.,* 250 F.3d 10, 20 (1st Cir. 2001); *Sheek v. Asia Badger, Inc.,* 235 F.3d 687, 694 (1st Cir. 2000); Fed. R. Civ. P. 37(c)(1).  In this case, Defendant was ordered to produce Rule 26 reports in 2003.  *Pl.'s Mot. in Limine to Preclude the Def. from Offering Expert Testimony* at 2.  Dr. Rapoport's report did not comply with the requirements of Rule 26 until May of 2005.  *Id.*  *See also Dr. Rapoport's Essay* (Docket # 16 – Ex. H).  Nevertheless, if the delay is either harmless or justified, exclusion may not be the appropriate sanction.[2]  *Wilson,* 250 F.3d at 21; Fed R. Civ. P. 37(c)(1).

In this Court's view, the delay is harmless.  Plaintiff's primary complaint is that Dr. Rapoport's report was not properly supplemented by material on which he has relied.  *Pl.'s Mot in Limine to Preclude the Def. from Offering Expert Testimony* at 2.  Defendant responded that Dr. Rapoport's opinion has not changed, *Def.'s Resp. to Pl.'s Mot. in Limine to Preclude the Def. from Offering Any Expert Testimony* at 3, and Mr. Falconer was on notice of Dr. Rapoport's opinions and could properly prepare for them.

Plaintiff, however, has rejoined that Dr. Rapoport's opinion has changed regarding Mr. Falconer's memory of events.  *Pl.'s Mot. in Limine to Preclude the Def.*

---

[2] Penn Maritime has not sought to justify the delay.

*from Offering Expert Testimony* at 5, 6 ("In this second report…Dr. Rapoport appears to have abandoned his opinion that Mr. Falconer should have regained memory of events 'leading up to his accident itself'…and changed his opinion to 'there is no reason for Mr. Falconer to have post-traumatic retrograde amnesia that exceeds a few hours'"). This however, is merely an attempt to dress up an old argument in new packaging. *Pl.'s Reply to Resp. to Mot. re Mot. to Exclude Expert Testimony of Dr. Samuel Rapoport* at 2 (Docket # 23). Consistent with its earlier Order, this Court finds that "Mr. Falconer's strenuous objections to the accuracy and reliability of Dr. Rapoport's opinions may be fodder for cross-examination, but are not a sufficient basis to exclude his proposed testimony". *Order* at 6. Plaintiff's motion in limine is DENIED.

## II. Conclusion

This Court GRANTS Plaintiff's motion in limine regarding Penn Maritime's three employees (Docket # 39); it GRANTS IN PART and DENIES IN PART the motion regarding monetary advances (Docket # 40); and, it DENIES Plaintiff's motion concerning Dr. Rapoport (Docket # 41).

**SO ORDERED.**

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2005